1

Law Offices of
**ATKINS & EVANS LLP**
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
Telephone (213) 487-1400
Facsimile (213) 487-1402

2

3

4

**Kenneth M. Jones, Esq.** (SBN: 140358)
kjones@atkinsevans.com

5

**Cynthia L. Sands, Esq.** (SBN: 194999)
csands@atkinsevans.com

6

7

Attorneys for Defendant Wells Fargo Bank, N.A.

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

CV09-01379 AHM (JCx)

12

TYRONE BLACK, an individual,

13

Plaintiff,

14

v.

15

WELLS FARGO & COMPANY, a
corporation, and DOES 1 - 50,
inclusive,

16

17

Defendants.

Case No.

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1441(b)**

Action filed: December 22, 2008

18

19

20

21

22

23

24

25

26

27

28

-1-

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF
2   AND HIS ATTORNEY OF RECORD:
3       PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A.,
4   (erroneously sued as Wells Fargo Bank & Company) ("Defendant") hereby removes
5   the state court action described herein, filed in the Superior Court of the State of
6   California, County of Los Angeles, to the Untied States District Court, Central District
7   of California, pursuant to 28 U.S.C. §1441(a). A true and correct copy of the Notice
8   to State Court and All Adverse Parties of Civil Action is attached hereto as Exhibit
9   "A." The basis for removal is diversity of citizenship.
10                          **JURISDICTION**
11      1. This action is a civil action of which this Court has original jurisdiction
12   under 28 U.S.C. §1332 and is one which may be removed to this Court by
13   Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is between
14   citizens of different states and the amount in controversy exceeds the sum of
15   $75,000, exclusive of interest and costs.
16                            **VENUE**
17      2. Venue is proper in this Court in that this is the Court of the District
18   embracing the place where the action is pending in state court. 28 U.S.C. §1441(a)
19                       **NOTICE OF REMOVAL**
20      3. On or about December 22, 2008, Plaintiff Tyrone Black ("Plaintiff") filed
21   a Complaint for Racial Discrimination; Retaliation; Intentional Infliction of
22   Emotional Distress; Breach of Contract; Breach of Implied Covenant Good Faith
23   and Fair Dealing; Negligence; Negligent Supervision; Negligent Infliction of
24   Emotional Distress in the Los Angeles County Superior Court in the State of
25   California: Tyrone Black v. Wells Fargo Bank & Company, etc., et al., Case No.
26   BC 404340 (hereinafter "the Complaint").
27   ///
28   ///

1    4. A copy of the Summons and Complaint and Civil Cover Sheet were
2    served on Defendant on December 29, 2008. True and correct copies of these
3    documents are attached hereto as follows:

4          a.      The Summons is attached hereto as Exhibit "B";

5          b.      The Complaint is attached hereto as Exhibit "C";

6          c.      The Civil Case Cover Sheet is attached hereto as Exhibit "D".

7    . 5. Defendant filed a timely Answer to Plaintiff's Complaint on or about
8    February 13, 2009, prior to filing this Notice of Removal. A true and correct copy
9    of the Answer is attached hereto as Exhibit "E".

10   6. This Notice of Removal is filed within 30 days after the initial receipt by
11   Defendant of a letter from Plaintiff's counsel disclosing the facts to support removal
12   based upon diversity. A true and correct copy of Plaintiff's counsel's letter dated
13   February 17, 2009 is attached hereto as Exhibit "F".

14   7. This action is a civil action in which this Court has original jurisdiction
15   under 28 U.S.C. §1441(a) and (c).

16   8. Copies of this Notice of Removal and the Notice of Filing of Notice of
17   Removal have been mailed to Plaintiff's counsel and are being filed with the Clerk
18   of the Los Angeles County Superior Court.

19   9. Diversity grounds for removal exist based on the following:

20                          **AMOUNT IN CONTROVERSY**

21   10. This case is one wherein the matter in controversy exceeds the sum of
22   $75,000, exclusive of interest and costs. In the Complaint, Plaintiff alleges the
23   following eight causes of action: (a) Racial Discrimination; Retaliation; (b)
24   Intentional Infliction of Emotional Distress; (c) Breach of Contract; (d) Breach of
25   Implied Covenant Good Faith and Fair Dealing; (e) Negligence; (f) Negligent
26   Supervision; and (g) Negligent Infliction of Emotional Distress.

27   11. Economic damages, non-economic damages, general damages, attorneys'
28   fees and punitive damages, all are included in determining the amount in

1  controversy. <u>Lowdermilk v. U.S. Bank National Ass'n</u>, 479 F.3d 994,1000 (9th Cir.

2  2007) [prayer for attorneys' fees is considered when determining the amount in

3  controversy]; <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-1156 (9th Cir.

4  1998); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 942-943; <u>Davenport v. Mutual Ben.</u>

5  <u>Health & Acc. Assn'n</u>, 325 F.2d 785, 787 (9th Cir. 1963) [punitive damages are

6  included in calculating the amount in controversy].

7    12. The Complaint does not specify the amount of damages sought but asks

8  for damages according to proof. <u>See</u> Complaint Prayer. However, before the

9  Complaint was filed, Plaintiff's counsel made written settlement demands

10  exceeding $75,000 several times over.

11    13. The Complaint also prays for a judgment against Defendants that includes

12  attorneys' fees. <u>See</u> Prayer.

13    14. The Complaint further pleads exemplary or punitive damages under the

14  Civil Code. <u>See</u> Complaint ¶¶ 19, 28, 53, 81, 90.

15    15. Although Defendant denies Plaintiff's allegations, if Plaintiff were to

16  prevail with respect to his claims, the amount in controversy requirement is

17  satisfied.

18                        **DIVERSITY OF CITIZENSHIP**

19    16. Plaintiff alleges that "[a]t all relevant times, Plaintiff was a resident of

20  the State of California and employed by Defendant . . . working in California. <u>See</u>

21  Complaint ¶ 1. There are no allegations concerning Plaintiff's current residence or

22  domicile.

23    17. On February 17, 2009, Plaintiff's counsel faxed a letter to Defendant's

24  counsel indicating that Plaintiff is employed in the State of Texas. Defendant is

25  informed and believes that Plaintiff resides in Texas and is a citizen of Texas.

26    18. Defendant Wells Fargo Bank, N.A. is a national charter bank and

27  regulated by the OCC. Its principal place of business is California and it has no

28  state of incorporation.

-4-

1   19.  Defendants designated as DOES 1 through 50 are fictitious defendants,

2   are not parties to this action, have not been served and are to be disregarded for the

3   purpose of this removal.  28 U.S.C. § 1441(a).  Newcombe v. Adolf Coors Co., 157

4   F.3d 686, 690-91 (9th Cir. 1998) [inclusion of Doe defendants in a state court

5   complaint has no effect on removability.] These defendants need not consent to this

6   removal.

7                          **TIMELINESS OF REMOVAL**

8   20.  This Notice of Removal is timely pursuant to § 1446(b) though it is filed

9   more than 30 days after service of the Complaint on Defendant because the

10  Complaint does not disclose the basis for diversity on its face sufficient to trigger

11  notice of the commencement of the 30-day removal period.  The Complaint

12  contains no allegations of Plaintiff's current residence or domicile.  See Complaint,

13  ¶1.  Notice of removability is determined by the "four corners of the applicable

14  pleadings, not through subjective knowledge or a duty to make further inquiry."

15  Harris v. Bankers Life & Cas. Co., 425 F3d. 689, 694 (9th Cir. 2005); Lovern v.

16  General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997); Whitaker v. American

17  Telecasting, Inc., 261 F.3d 196, 206 (2nd Cir. 2001).  If the initial pleading does not

18  clearly disclose the grounds for removal, defendant's subjective knowledge of the

19  relevant facts does not affect the time for removal.  Nor is defendant under a duty to

20  investigate to determine the jurisdictional facts even if the complaint contains

21  "clues" to removability. Harris v. Bankers Life & Ca. Co., supra, 425 F.3d at 694;

22  Lovern v. General Motors Corp., supra, 121 F.3d at 162.

23  21.  Wherefore, Defendant Wells Fargo Bank, N.A. hereby removes the civil

24  action pending against it in the Superior Court of the State of California, County of

25  Los Angeles to this honorable district court.

26

27  DATED: February 26, 2009

28                                    KENNETH M. JONES
                                      ATKINS & EVANS LLP
                                      Attorneys for Defendant
                                      WELLS FARGO BANK, N.A.

-5-

# EXHIBIT A

1

Law Offices of
**ATKINS & EVANS LLP**
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
Telephone (213) 487-1400
Facsimile (213) 487-1402

2

3

4

<u>Kenneth M. Jones, Esq.</u> (SBN: 140358)
kjones@atkinsevans.com

5

<u>Cynthia L. Sands, Esq.</u> (SBN: 194999)
csands@atkinsevans.com

6

7     Attorneys for Defendant Wells Fargo Bank, N.A.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| TYRONE BLACK, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, a corporation, and DOES 1 - 50, inclusive,<br><br>            Defendants. | Case No.<br><br>**NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION**<br><br>Action filed: December 22, 2008 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A** - Page 6
NOTICE OF REMOVAL

-1-

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO

2  PLAINTIFF AND HIS ATTORNEY OF RECORD:

3  PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A.

4  ("Defendant") filed a Notice to Federal Court or removal of Civil Action (the

5  "Notice") in the office of the Clerk of the United States District Court, Central

6  District of California on February 26, 2009 pursuant to 28 U.S.C. §1441(a).  Copies

7  of the Notice and any exhibits thereto are attached as Exhibit "A."

8  PLEASE TAKE FURTHER NOTICE THAT pursuant to 28 U.S.C. Sections

9  1441 and 1445, the filing of said Notice to Federal Court in the United States

10  District Court, together with the filing of this Notice to State Court and a copy of

11  said Notice to Federal Court, effects the removal of the above-captioned action

12  from this Court to the United States District for the Central District of California,

13  and this Court may proceed no further unless and until the case is remanded.

14

15  DATED: February 26, 2009

16

17

KENNETH M. JONES
ATKINS & EVANS LLP
Attorneys for Defendant
WELLS FARGO BANK, N.A.

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
[CCP 1013a; Fed. R. Civ. P. 6]

STATE OF CALIFORNIA ⎫
⎬ ss.
COUNTY OF LOS ANGELES ⎭

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

On **February 26, 2009** I served the foregoing document, described as **NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION** in this action by placing [] the original [✔]a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California  addressed as follows:

LAW OFFICE OF STEPHEN F. McANDREW
Stephen F. McAndrew
4730 Woodman Avenue, Suite 240
Sherman Oaks, California 91423

[✔]   [BY MAIL] I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United State Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

[]   [BY PERSONAL SERVICE] I delivered such envelope by hand to the offices of the addressee.

[]   [BY MESSENGER SERVICE] My business address is: First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026. On the date shown below, I delivered such envelope by hand to the above address(es)

[]   [BY FEDERAL EXPRESS] I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

[]   [BY FACSIMILE TRANSMISSION] I transmitted to the above-named person, at the fax numbers listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

[✔]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: February 26, 2009

P. Brown

EXHIBIT A - Page 8
NOTICE OF REMOVAL

-3-

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 22 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WELLS FARGO & COMPANY, a corporation; and DOES 1-50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TYRONE BLACK, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court - Central Branch, Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC404340

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen F. McAndrew
4730 Woodman Avenue, Suite 240 Sherman Oaks, CA 91423 (818)332-1416

DATE: _____  JOHN A. CLARKE, CLERK _____, Deputy
*(Fecha)*  (Secretario)  *(Adjunto)*   GARCIA

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT B** - Page 9
NOTICE OF REMOVAL

# EXHIBIT C

**ORIGINAL**

LOS ANGELES SUPERIOR COURT

LAW OFFICE OF STEPHEN F. McANDREW
Stephen F. McAndrew (Bar No. 149063)
4730 Woodman Avenue, Suite 240
Sherman Oaks, California 91423
Tel.: (818) 332-1416
Fax.: (818) 474-7745

DEC 2 2 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

Attorneys for Plaintiff TYRONE BLACK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES CENTRAL DISTRICT

| | |
|---|---|
| TYRONE BLACK, an individual ) | CASE NO. _____ BC404340 |
| Plaintiff, ) | |
| v. ) | COMPLAINT FOR |
| ) | 1) Racial Discrimination; |
| WELLS FARGO & COMPANY, a corporation; ) | 2) Retaliation; |
| and DOES 1-50, inclusive, ) | 3) Intentional Infliction of Emotional Distress; |
| ) | 4) Breach of Contract; |
| Defendants. ) | 5) Breach of Implied Covenant of Good Faith and Fair Dealing; |
| ) | 6) Negligence; |
| | 7) Negligent Supervision; |
| | 8) Negligent Infliction of Emotional Distress; |

**JURY TRIAL DEMANDED**

Plaintiff TYRONE BLACK ("Plaintiff") complains and alleges as follows:

1. At all relevant times, Plaintiff was a resident of the State of California and employed by Defendant WELLS FARGO & COMPANY ("WELLS FARGO"), working in California.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant WELLS FARGO is a Delaware corporation, with its headquarters and principal place of business in California, and at all relevant times was qualified to do business in the State of California, with places of business located in the County of Los Angeles.

1

**EXHIBIT C** - Page 10
NOTICE OF REMOVAL

3.  The true names and capacities of Defendants Does 1 through 50, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant was in some manner intentionally, negligently, and/or recklessly responsible and/or the cause of the acts, omissions, events, happenings, and occurrences alleged in this complaint that resulted in damage and injury to the Plaintiff.

4.  Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this complaint each defendant including, but not limited to, the fictitiously named defendants, was acting as the agent, servant, employee, successor, assign, partner, or joint venturer of each other defendant and in doing the things alleged, was acting within that capacity and the course and scope of that relationship with the knowledge and consent or ratification of each other defendant in doing the things alleged, and is responsible in some manner for the damages claimed by Plaintiff.

### FACTS REGARDING DEFENDANTS'
### UNLAWFUL EMPLOYMENT PRACTICES

5.  Beginning in September 2007, WELLS FARGO placed Doug Henkel in the position of supervising Plaintiff and others.  Almost immediately upon being placed in position, Henkel began to discriminate against Plaintiff by, among other things, taking accounts away from Plaintiff, making false accusations against Plaintiff regarding his actions and performance, making false statements about Plaintiff to others in the organization, imposing additional requirements upon Plaintiff not required of other employees in the same position under Henkel's supervision; harassing Plaintiff; and taking similar actions to the detriment of Plaintiff's career and health.

6.  In December 2007 Plaintiff reported to WELLS FARGO Management that Plaintiff believed Henkel was engaging in discrimination against him.  WELLS FARGO claims to have completed an investigation into the reports of discrimination but WELLS FARGO failed and refused to reveal the findings or conclusions of its purported investigation to Plaintiff.  Instead, WELLS FARGO retaliated against Plaintiff for making the report of discrimination.  For several months, WELLS FARGO maintained and ratified the discriminatory actions taken by Henkel, including the

2

EXHIBIT C - Page 11

1  taking of his accounts and segregating him from his team. Then, in retaliation for having complained

2  of discrimination, WELLS FARGO terminated Plaintiff's employment. Plaintiff notified WELLS

3  FARGO that he believed the termination was not in compliance with company policy and applicable

4  law, including laws against discrimination and retaliation. Again, WELLS FARGO told Plaintiff it

5  investigated the termination but again has failed and refused to provide Plaintiff with the results of

6  the investigation.

7      7. WELLS FARGO was required to take all reasonable steps to prevent discrimination

8  and harassment from occurring. Because WELLS FARGO refused to take appropriate corrective

9  action in response to Plaintiff's reports, Plaintiff was subjected to continuing discrimination and

10  retaliation. The discrimination and retaliation caused Plaintiff substantial damages, including but not

11  limited to, severe emotional distress.

12

13                          FIRST CAUSE OF ACTION
        Race Discrimination in Violation of California Government Code §§ 12940, *et seq.*
14                             Against All Defendants

15      8. Plaintiff hereby re-alleges and incorporates by reference herein, each and every

16  preceding paragraph of this complaint.

17      9. Plaintiff was at all times material hereto an employee covered by California

18  Government Code §§ 12940 et. seq.

19      10. Defendant WELLS FARGO is, and at all times material hereto was, an employer

20  within the meaning of California Government Code § 12926(c) and, as such, barred from

21  discrimination in employment decisions on the basis of race as set forth in California Government

22  Code §§ 12940 *et. seq.*

23      11. Plaintiff is African-American. Defendants have harassed and discriminated against

24  Plaintiff on the basis of his race in violation of California Government Code §§ 12940 *et. seq.* by

25  engaging in a course of conduct that has included, but was not limited to, the conduct alleged above.

26      12. Defendants' conduct created a work environment extremely detrimental to Plaintiff's

27  emotional and physical health, interfered with Plaintiff's work performance, and caused Plaintiff

28  emotional distress.

3

**EXHIBIT C - Page 12**
COMPLAINT
NOTICE OF REMOVAL

13. Defendant WELLS FARGO's agents, officers and/or managers knew, or should have known, of the discriminatory and harassing conduct because of the openness and frequency of the conduct, the discussions regarding that conduct, and because of Plaintiff's reports regarding the discrimination and harassment.

14. Despite the Defendants' and each of their actual and constructive knowledge of the above-referenced discrimination and harassment, the Defendants and each of their officers, managers, supervisors and/or agents, failed to exercise reasonable care to prevent and promptly correct the harassing and discriminatory behavior.

15. If Defendants had taken reasonable steps to prevent the discrimination and harassment from occurring, Plaintiff might not have suffered the damages described herein.

16. Defendants, and each of them, committed and effectively ratified, sanctioned and condoned the discriminatory and/or harassing conduct and each of their refusals to eliminate such conduct from the workplace effectively ratified, sanctioned and condoned the harassing and discriminatory conduct which served to conceal and/or prevent the conduct from receiving proper redress.

17. Plaintiff filed timely charges with the California Department of Fair Employment and Housing. As demonstrated by Exhibit A hereto, right to sue notices for these charges have been issued. Plaintiff has therefore exhausted all of his administrative remedies.

18. Because of the harassment and discrimination and the repercussions flowing directly from it, Plaintiff has suffered and continues to suffer lost wages, lost benefits, loss of future earning capacity, embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the future, as well as other general damages in excess of the jurisdictional requirement of this Court in an amount to be proven at the time of trial.

19. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

4

EXHIBIT C - Page 13
COMPLAINT
NOTICE OF REMOVAL

1    20. Plaintiff was required to obtain legal counsel to protect his rights, and Plaintiff thereby

2  has incurred attorneys' fees in an amount to be proven at trial. As a result of Defendants'

3  discrimination as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided

4  by California Government Code §12965(b).

5    21. Pursuant to California Government Code § 12926(c), Plaintiff requests the imposition

6  of liability upon each and every individual defendant.

7    Therefore, Plaintiff requests relief as hereinafter provided.

8

9

10                             SECOND CAUSE OF ACTION
                    Retaliation in violation of California Govt. Code §§ 12940 et seq.
11                                   Against All Defendants

12    22. Plaintiff incorporates by reference every preceding paragraph of this complaint.

      23. Plaintiff was at all relevant times an employee covered by California Government
13
   Code §§ 12940 et seq., prohibiting retaliation in employment decisions on the basis of making
14
   complaints of harassment or discrimination in employment.
15
      24. At all relevant times Defendants were employers within the meaning of California
16
   Government Code § 12926(c) and were prohibited from retaliating against Plaintiff on the basis of
17
   making complaints of harassment or discrimination as set forth in California Government Code
18
   §§ 12940 et seq.
19
      25. As more fully described above and incorporated herein by reference, Plaintiff made
20
   complaints of discrimination and harassment, and Defendants retaliated against Plaintiff as a result, in
21
   violation of California Government Code §§ 12940 et seq., California Corporations section 309 and
22
   California Labor Code section 1102.5 by engaging in a course of conduct that has included, but was
23
   not limited to, the conduct alleged above.
24
      26. Plaintiff filed timely charges of retaliation with the California Department of Fair
25
   Employment and Housing. Right to sue notices for these charges have been issued. Plaintiff has
26
   therefore exhausted all administrative remedies.
27

28

                                          5

EXHIBIT C - Page 14
COMPLAINT
NOTICE OF REMOVAL

1    27. As a result of Defendants' retaliation, Plaintiff has suffered and continues to suffer

2  substantial losses in earnings, bonuses, deferred compensation, and other employment benefits and

3  has suffered, and continues to suffer, embarrassment, humiliation and mental anguish, all to

4  Plaintiff's damage in an amount according to proof.

5    28. Defendants committed the acts alleged maliciously, fraudulently and/or oppressively,

6  with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to

7  malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive

8  damages in an amount according to proof.

9    29. As a result of Defendants' retaliation, Plaintiff is entitled to attorneys' fees and costs of

10  suit as provided by California Government Code §12965(b).

11    Therefore, Plaintiff requests relief as hereinafter provided.

12

13                    THIRD CAUSE OF ACTION
                Intentional Infliction of Emotional Distress
14                      Against All Defendants

15    30. Plaintiff hereby re-alleges and incorporates by reference herein, each and every

16  preceding paragraph of this complaint.

17    31. The conduct set forth above was extreme and outrageous. Said conduct was intended

18  to cause severe emotional distress or was done in conscious disregard of the probability of causing

19  such distress. Said conduct exceeded the inherent risk of employment and was not the sort of

20  conduct normally expected to occur in the workplace. Defendant WELLS FARGO abused its

21  authority and directly injured Plaintiff by its ratification of discriminatory, harassing, and retaliatory

22  acts and by its management's failure to take corrective action.

23    32. The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional distress.

24  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and

25  emotional distress, and will continue to suffer said emotional distress in the future in an amount

26  according to proof.

27    Therefore Plaintiff requests relief as hereinafter provided.

28

6

EXHIBIT C - Page 15
COMPLAINT
NOTICE OF REMOVAL

## FOURTH CAUSE OF ACTION
### Breach of Contract
### Against All Defendants

33. Plaintiff incorporates by reference every preceding paragraph of this complaint.

34. During the entire course of Plaintiff's employment with Defendant, there existed a contract with Defendants that included the terms and conditions that Defendants would comply with all applicable laws and its own policies to ensure that Plaintiff would work in an environment that was free of harassment, discrimination, and retaliation.

35. Plaintiff began and continued employment and performed all of the conditions of the contract required of him. Plaintiff has at all relevant times been ready, willing and able to perform all the conditions of this contract.

36. Despite its obligations to Plaintiff and the reliance he placed on them, Defendants breached the terms of the employment contract by committing the acts and omissions alleged hereinabove.

37. As a result of Defendant's breach of contract, Plaintiff suffered and continues to suffer substantial losses in earnings, and other employment benefits in an amount according to proof.

Therefore, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### Against All Defendants

38. Plaintiff hereby realleges, and incorporates by reference each and every preceding paragraph of this complaint.

39. The employment contract which applied to Plaintiff contained an implied covenant of good faith and fair dealing which required Defendants to give full cooperation to Plaintiff and his performance under the employment contract and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract, or any act that would prevent or impede Plaintiff's enjoyment of the benefits of the contract. The covenant of good faith and fair dealing required Defendants to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

7

EXHIBIT C - Page 16
COMPLAINT
NOTICE OF REMOVAL

1    40. Once Plaintiff was committed to performing the contract, and took reasonable actions
2    in reliance, Plaintiff was placed in a particularly vulnerable position.  Plaintiff's livelihood was
3    entrusted to Defendants' willingness to perform its obligations under the contract, and Plaintiff risked
4    suffering grave harm if Defendant failed to perform.  Defendants were aware of Plaintiff's
5    vulnerability in this regard.

6    41. Defendants breached their contract with Plaintiff without conducting any reasonable
7    investigation concerning their obligations under the contract, without good or sufficient cause, for
8    reasons extraneous to the contract, and for the purpose of frustrating Plaintiff's enjoyment of the
9    benefits of the contract.  Defendants breached their implied duty of good faith and fair dealing.

10   42. As a result of Defendants' breach of the implied covenant of good faith and fair
11   dealing, Plaintiff suffered and continues to suffer substantial losses in earnings and other employment
12   benefits in an amount according to proof.

13   Therefore, Plaintiff requests relief as hereinafter provided.

14

15                        SIXTH CAUSE OF ACTION
                                 Negligence
16                         Against All Defendants

17   43. Plaintiff hereby re-alleges and incorporates by reference herein, each and every
18   preceding paragraph of this complaint.

19   44. Defendants WELLS FARGO and each of them owed Plaintiff a duty to comply with
20   all applicable laws regarding harassment, discrimination, and retaliation in the workplace, to exercise
21   reasonable care and to take all reasonable steps necessary steps to provide a workplace that was free
22   from discrimination, harassment, and retaliation.  WELLS FARGO obligations include, but are not
23   limited to, properly supervising its employees so that when harassing, discriminatory, and retaliatory
24   conduct occurred, WELLS FARGO would take appropriate corrective action.

25   45. Defendants breached their duties to Plaintiff by committing the acts and the omissions
26   described hereinabove, by failing to take reasonable steps to prevent harassment, discrimination, and
27   retaliation, and by failing to take immediate and appropriate action to stop the harassment,
28   discrimination, and retaliation from occurring.

8

EXHIBIT C - Page 17
COMPLAINT
NOTICE OF REMOVAL

1   46. As a result of Defendants' breaches of their duties to Plaintiff, Plaintiff has suffered

2   and continues to suffer lost wages, lost benefits, loss of future earning capacity, embarrassment,

3   anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the

4   future, as well as other general damages in excess of the jurisdictional requirement of this Court in an

5   amount to be proven at the time of trial.

6       Therefore, Plaintiff requests relief as hereinafter provided.

7

8                           SEVENTH CAUSE OF ACTION
                               Negligent Supervision
9                              Against All Defendants

10  47. Plaintiff incorporates by reference every preceding paragraph of this complaint.

11  48. Defendants WELLS FARGO and each of them owed Plaintiff a duty to comply with

12  all applicable laws regarding harassment and discrimination in the workplace and to take all

13  necessary steps to provide a workplace that was free from harassment and discrimination.  WELLS

14  FARGO's obligations include, but are not limited to, properly training and supervising its employees

15  to provide a workplace that was free from harassment and discrimination and so that, when harassing

16  and discriminatory conduct occurred, WELLS FARGO would take appropriate corrective action.

17  49. Defendants breached their duties to Plaintiff by committing the acts and the omissions

18  described hereinabove, by failing to take reasonable steps to prevent harassment and failing to take

19  immediate and appropriate action to stop the harassment and discrimination from occurring. And

20  failing to properly train and supervise their employees.

21  50. As a result of Defendants' breach of their duties to Plaintiff, Plaintiff has suffered and

22  continues to suffer lost wages, lost benefits, loss of future earning capacity, embarrassment, anxiety,

23  humiliation, and emotional distress, and will continue to suffer said emotional distress in the future,

24  as well as other general damages in excess of the jurisdictional requirement of this Court in an

25  amount to be proven at the time of trial.

26      Therefore, Plaintiff requests relief as hereinafter provided.

27

28

9

EXHIBIT C - Page 18
COMPLAINT
NOTICE OF REMOVAL

EIGHTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress
Against All Defendants

51. Plaintiff hereby re-alleges and incorporates by reference herein, each and every preceding paragraph of this complaint.

52. The conduct set forth above was extreme and outrageous. In carrying out the conduct described above, Defendants acted with a conscious disregard of the probability of causing sever emotional distress to Plaintiff.

53. Defendants knew or should have known that said conduct would cause Plaintiff extreme emotional distress. The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional distress. As a direct and proximate result of said conduct, Plaintiff has suffered and continues to suffer lost wages, lost benefits, loss of future earning capacity, embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the future, as well as other general damages in excess of the jurisdictional requirement of this Court in an amount to be proven at the time of trial.

Therefore Plaintiff requests relief as hereinafter provided.

PRAYER

Plaintiff requests relief as follows:

1.       For special damages according to proof against all Defendants;

2.       For general damages according to proof against all Defendants;

3.       For an award of exemplary damages against all Defendants;

4.       For attorneys' fees;

5.       For prejudgment interest at the maximum legal rate;

6.       For costs of suit herein incurred; and

7.       For such other and further relief as the Court deems just and proper.

Dated: December _19_, 2008                    LAW OFFICE OF STEPHEN F. MCANDREW

By: _____
    Stephen F. McAndrew
    Attorneys for Plaintiff

10

EXHIBIT C - Page 19
COMPLAINT
NOTICE OF REMOVAL

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA  90017
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780



June 11, 2008


Stephen McAndrew
Attorney
Stephen McAndrew
4730 Woodman Ave. Suite 240
Sherman Oaks, CA 91423

RE:   E200708R2193-00-rc
      BLACK/WELLS FARGO

Dear Stephen McAndrew:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 9, 2008 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

**EXHIBIT C** - Page 20
NOTICE OF REMOVAL

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Mary L. Bonilla*

Mary Bonilla
District Administrator

cc:    Case File

HUMAN RESOURCES MANAGER
WELLS FARGO
420 MONTGOMERY ST.
SAN FRANCISCO, CA  94104

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _E-200708-R-2193-00-rc_
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)   _Mr. Lyone T. Black_      TELEPHONE NUMBER (INCLUDE AREA CODE)  (310) 893-4867

ADDRESS  _901 Pelham Ave #4_

CITY/STATE/ZIP  _Los Angeles CA 91025_   COUNTY _Los Angeles_   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  _Wells Fargo_      TELEPHONE NUMBER (Include Area Code)

ADDRESS  _420 Montgomery St_      DFEH USE ONLY

CITY/STATE/ZIP  _San Francisco CA 94104_   COUNTY   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (If known)   DATE MOST RECENT OR CONTINUING DISCRIMINATION   RESPONDENT CODE
TOOK PLACE (month, day, and year)

THE PARTICULARS ARE:
I allege that on _____, the
following conduct occurred:

- ___ termination
- ___ lay-off
- [X] demotion
- [X] harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- [X] denial of employment
- [X] denial of promotion
- ___ denial of transfer
- ___ denial of accommodation
- [X] failure to prevent discrimination or retaliation
- [X] retaliation
- [X] other (specify) _____

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- [X] denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by  _Wells Fargo Bank_
Name of Person      Job Title (supervisor/manager/personnel director/etc.)

because of:
- ___ sex
- ___ age
- ___ religion
- [X] race/color

- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association

- ___ disability (physical or mental)
- ___ medical condition (cancer or genetic characteristic)
- ___ other (specify) _____

- [X] retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you
believe to be
the reason(s)
for
discrimination
_Adverse employment actions based on race, retaliation, and failure to prevent discrimination and retaliation_

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _6/3/08_

At _Los Angeles_
City

_(signature)_
COMPLAINANT'S SIGNATURE

DATE FILED:

DFEH-300-03 (03/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
JUN __ 2008   STATE OF CALIFORNIA
Department of Fair Employment

**EXHIBIT C** - Page 22
NOTICE OF REMOVAL



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA  90017
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780

June 11, 2008

Stephen McAndrew
Attorney
Stephen McAndrew
4730 Woodman Ave. Suite 240
Sherman Oaks, CA 91423

RE:    E200708R2193-01-rc
       BLACK/HENKEH, DOUG, AS AN INDIVIDUAL

Dear Stephen McAndrew:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
June 9, 2008 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

**EXHIBIT C** - Page 23
NOTICE OF REMOVAL

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Mary L. Bonilla*

Mary Bonilla
**District Administrator**

cc:   Case File

HUMAN RESOURCES MANAGER
WELLS FARGO
420 MONTGOMERY ST.
SAN FRANCISCO, CA  94104

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E. 200708 R 219.3-01. rC

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)  Mr. Tyrone J. Black

TELEPHONE NUMBER (INCLUDE AREA CODE)

ADDRESS  1201 Pelham Ave #4

CITY/STATE/ZIP  Los Angeles CA 90025     COUNTY Los Angeles     COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  Doug Henkel     TELEPHONE NUMBER (include Area Code)

ADDRESS  420 Montgomery St     DFEH USE ONLY

CITY/STATE/ZIP  San Francisco CA 94104     COUNTY     COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)     DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE TOOK PLACE (month, day, and year)

THE PARTICULARS ARE:

I allege that on _____, the following conduct occurred:

denial of promotion (X), harassment (X), retaliation (X), other (specify) removed from Accounts

by Doug Henkel  Sales Director  Wells Fargo Bank
Name of Person / Job Title

because of: race/color (X), retaliation for engaging in protected activity (X)

State what you believe to be the reason(s) for discrimination:  Adverse employment actions based on race, retaliation and failure to prevent discrimination and retaliation

I wish to pursue this matter in court...

Dated 6/3/08     COMPLAINANT'S SIGNATURE Tyrone J. Black
At Los Angeles City

RECEIVED JUN - 3 2008
STATE OF CALIFORNIA
Department of Fair Employment and Housing

DFEH-300-03 (02/03)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

**EXHIBIT C** - Page 25
NOTICE OF REMOVAL

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                     ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT** OF FAIR EMPLOYMENT & HOUSING
611 West Sixth Street, Suite 1500 ,Los Angeles, CA  90017 ·
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780



August 21, 2008

Stephen F. McAndrew
Attorney
Law Office of Stephen F. McAndrew
4730 Woodman Ave., #240
Sherman Oaks, CA 91423

RE:   E200809R0254-00-rc
      BLACK/WELLS FARGO

Dear Stephen F. McAndrew:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
August 6, 2008 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
·must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
:of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

**EXHIBIT C** - Page 26
NOTICE OF REMOVAL

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:    Case File

HUMAN RESOURCES MANAGER
WELLS FARGO
420 MONTGOMERY ST.
SAN FRANCISCO, CA  90025

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200809-R-0254-00-rc

*DFEH USE ONLY*

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Mrs.)
ME Tyrone Black

TELEPHONE NUMBER (INCLUDE AREA CODE)
(310) 893-4061

ADDRESS
1911 DelHaus Ave #4

CITY/STATE/ZIP
Los Angeles CA 90025

COUNTY
Los Angeles

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Wells Fargo

TELEPHONE NUMBER (Include Area Code)

ADDRESS
420 Montgomery St

DFEH USE ONLY

CITY/STATE/ZIP
San Francisco, CA

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

RESPONDENT CODE

THE PARTICULARS ARE:

I allege that on 7/9/08 , the following conduct occurred:

- [X] termination
- [X] lay-off
- [ ] demotion
- [ ] harassment
- [ ] genetic characteristics testing
- [ ] constructive discharge (forced to quit)
- [ ] impermissible non-job-related inquiry
- [ ] denial of employment
- [ ] denial of promotion
- [ ] denial of transfer
- [ ] denial of accommodation
- [X] failure to prevent discrimination or retaliation
- [ ] retaliation
- [X] other (specify) Failure to Consider Veteran Status
- [ ] denial of family or medical leave
- [ ] denial of pregnancy leave
- [ ] denial of equal pay
- [ ] denial of right to wear pants
- [ ] denial of pregnancy accommodation

by Wells Fargo
Name of Person                Job Title (supervisor/manager/personnel director/etc.)

because of:
- [ ] sex
- [ ] age
- [ ] religion
- [X] color
- [ ] national origin/ancestry
- [ ] marital status
- [ ] sexual orientation
- [X] association
- [ ] disability (physical or mental)
- [ ] medical condition (cancer or genetic characteristic)
- [ ] other (specify)
- [X] retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination

Discrimination based on race and retaliation by being Laid-off for reporting discrimination

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 8/1/08

COMPLAINANT'S SIGNATURE

At Los Angeles
City

DATE FILED:

RECEIVED

AUG - 6 2008

STATE OF CALIFORNIA

Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

**EXHIBIT C** - Page 28
NOTICE OF REMOVAL



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                              ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017
(213) 439-6770 (800) 700-2320 Fax (213) 439-6780



August 21, 2008


Stephen F. McAndrew
Attorney
Law Office of Stephen F. McAndrew
4730 Woodman Ave., #240
Sherman Oaks, CA 91423

RE:    E200809R0254-01-rc
       BLACK/CONNER, PATRICK, AS AN INDIVIDUAL

Dear Stephen F. McAndrew:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
August 6, 2008 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

**EXHIBIT C** - Page 29
NOTICE OF REMOVAL

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator


cc:    Case File


PATRICK CONNER
AS AN INDIVIDUAL
WELLS FARGO
420 MONTGOMERY ST.
SAN FRANCISCO, CA  90025

DFEH-200-43 (06/06)

**EXHIBIT C** - Page 30
NOTICE OF REMOVAL

* * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200809-R-0254-01-rc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Mr. Tyrone Black
TELEPHONE NUMBER (INCLUDE AREA CODE) (310) 893-4861

ADDRESS 1901 Del Mar Ave #4

CITY/STATE/ZIP Los Angeles CA 90025
COUNTY Los Angeles
COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME Wells Fargo - Manager Patrick Conner
TELEPHONE NUMBER (include Area Code)

ADDRESS 420 Montgomery St
DFEH USE ONLY

CITY/STATE/ZIP San Francisco CA 94114
COUNTY
COUNTY CODE
RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

THE PARTICULARS ARE:
I allege that on 7/9/08, the following conduct occurred:

[X] termination
[X] other (specify) Failure to Consider Veteran status

by Patrick Conner Asst. Jobs Manager
Name of Person / Job Title

because of:
[X] race/color
[X] association
[X] retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination
Discrimination based on race and retaliation by being laid off for reporting discrimination

I declare under penalty of perjury... true and correct.

Dated 8/1/08
At Los Angeles CA
COMPLAINANT'S SIGNATURE

RECEIVED
AUG - 6 2008
Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA

**EXHIBIT C** - Page 31
NOTICE OF REMOVAL

**EXHIBIT D**

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Stephen F. McAndrew (SBN 149063)<br>Law Office of Stephen F. McAndrew<br>4730 Woodman Avenue, Suite 240<br>Sherman Oaks, CA 91423<br>TELEPHONE NO.: 818.332.1416   FAX NO.: 818.474.7745<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>DEC 22 2008<br><br>JOHN A. CLARKE, CLERK<br>BY MARY GARCIA, DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk Courthouse

CASE NAME:
Tyrone Black v. Wells Fargo & Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC404340 |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) |    types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2008

Stephen F. McAndrew
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT B Page 32
NOTICE OF REMOVAL

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**EXHIBIT D** - Page 33
NOTICE OF REMOVAL

 

*ORIGINAL*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Black v. Wells Fargo | BC404340 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 8    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

**EXHIBIT D** - Page 34
NOTICE OF REMOVAL

| SHORT TITLE: Black v. Wells Fargo | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
**EXHIBIT D** - Page 35
NOTICE OF REMOVAL

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Black v. Wells Fargo | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0

EXHIBIT D - Page 36<br>NOTICE OF REMOVAL

| SHORT TITLE:<br>Black v. Wells Fargo | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>. □1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>1901 Pelham Ave. #4 | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90025 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Mosk_____courthouse in the Central_____ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December /9, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT E

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 1 3 2009

FEB 1 3 2009

John A. Clarke, Executive Officer/Clerk
BY RUGENA LOPEZ, Deputy

Law Offices of
**ATKINS & EVANS LLP**
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
Telephone (213) 487-1400
Facsimile (213) 487-1402

<u>Kenneth M. Jones, Esq. (SBN: 140358)</u>
<u>Cynthia L. Sands, Esq. (SBN: 194999)</u>

Attorneys for Defendant Wells Fargo Bank, N.A.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TYRONE BLACK, an individual, | CASE NUMBER: BC 383494 |
| Plaintiff, | **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT** |
| v. | |
| WELLS FARGO & COMPANY, a corporation, and DOES 1 - 50, inclusive, | Complaint Filed : December 22, 2008<br>Trial Date : None Set<br>Department : 32<br>Judge : Mary H. Strobel |
| Defendants. | |

COMES NOW Defendant Wells Fargo Bank, N.A., (erroneously sued as Wells Fargo Bank & Company) ("Wells Fargo") and answering Plaintiff's Complaint alleges as follows:

1.   Wells Fargo denies generally and specifically each and every allegation contained in the Complaint and each purported cause of action alleged therein, pursuant to the provisions of Section 431.30 of the Code of Civil Procedure, and specifically denies that Plaintiff has been damaged or sustained loss by reason of any act or omission of Wells Fargo or any of its agents, representatives, employees or supervisors in any sum or sums whatsoever, or at all.

///

-1-
DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT

1    2.    Wells Fargo further denies that by reason of any act or omission, fault, conduct

2  or liability on its part, whether negligent, careless, unlawful or whether as alleged or

3  otherwise, Plaintiff was injured or damaged in the manner or amounts alleged, or in any other

4  manner or amount whatsoever.   Wells Fargo further denies that it or any of its agents,

5  representatives, employees, or supervisors acted unlawfully or were negligent, careless,

6  reckless, wanton, or are liable to Plaintiff, whether in the manner alleged or otherwise.

7                          **AFFIRMATIVE DEFENSES**

8                        **FIRST AFFIRMATIVE DEFENSE**

9                       **(Failure to State a Cause of Action)**

10   3.    The Complaint, and each purported cause of action alleged therein, fails to state

11 facts sufficient to constitute a cause of action against Wells Fargo.

12                      **SECOND AFFIRMATIVE DEFENSE**

13                          **(Statute of Limitations)**

14   4.    The Complaint, and each purported cause of action alleged therein, is barred by

15 the applicable statutes of limitations including, but not limited to, California Code of Civil

16 Procedure Sections 335.1, 337, 338, 339, 340, and 343 et seq., and California Government

17 Code Sections 12960 and 12965.

18                       **THIRD AFFIRMATIVE DEFENSE**

19             **(Failure to Exhaust Administrative Remedies –**

20             **DFEH Claim Not Like or Reasonably Related**

21                      **to Allegations in Complaint)**

22   5.    This Court lacks jurisdiction over the purported causes of action in the

23 Complaint because the allegations and/or Defendants contained therein are not like or

24 reasonably related to the claims alleged and the Defendants identified in the administrative

25 complaint filed with the DFEH.

26 ///

27 ///

28 ///

-2-

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Belief in Actions Taken)

6.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Wells Fargo had an honest, reasonable, good faith belief in the facts on which it based its acts, omissions and conduct taken with respect to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by virtue of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Legitimate and Nondiscriminatory Business Reason for Conduct)

8.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because the alleged disparity in treatment of which Plaintiff complains was not based on Plaintiff's race, or any other protected characteristic, and was not in retaliation for Plaintiff's exercise of his statutory, constitutional and common law rights, but was based on one or more legitimate, nondiscriminatory business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

### (Claims Preempted by Workers' Compensation)

9.     Any and all claims Plaintiff asserts based in whole or in part upon alleged physical, emotional, mental, economic or other injuries or distress are barred because Plaintiff's sole and exclusive remedy for such injuries, if any, is governed by the California Workers' Compensation Act ("Act"), [Labor Code §3601 et seq.] because Plaintiff's claim occurred at a time when:

(a)     Wells Fargo and Plaintiff were subject to the compensation provisions of the Act;

(b)     Plaintiff was performing services growing out of and incidental to his employment with the Wells Fargo; and

///

-3-

(c)     The injuries Plaintiff complains of allegedly were caused by his acts, omissions, position and other conduct with Wells Fargo.

### EIGHTH AFFIRMATIVE DEFENSE

### (Set-Off)

10.     Wells Fargo is entitled to set off any recovery Plaintiff receives under the Act for injuries or damages alleged in the Complaint against damages awarded to him in this action, if any.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     Plaintiff is estopped from recovering damages pursuant to the Complaint, and each purported cause of action contained therein, by his acts, omissions or other conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.·     Plaintiff waived his right to assert each and every cause of action alleged against Wells Fargo by reason of his course of conduct.

### TWELFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Decision)

14.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part because any and all decisions Wells Fargo or any of its agents, representatives, employees and/or representatives made with respect to Plaintiff were made for proper business related reasons which were not unlawful, arbitrary, capricious, discriminatory, harassing or retaliatory.

///

1
2

THIRTEENTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

3          15.     Any claim for the recovery of attorneys' fees is barred as to any purported cause

4   of action for which such relief is not available.

5

FOURTEENTH AFFIRMATIVE DEFENSE

6

(No Prejudgment Interest)

7          16.     Any claim for prejudgment interest is barred as to any purported cause of action

8   for which such relief is not available.

9

FIFTEENTH AFFIRMATIVE DEFENSE

10

(After-Acquired Evidence)

11          17.     Should Plaintiff prevail on his Complaint in whole or in part, his remedies are

12   limited by virtue of the doctrine of after acquired evidence based on Plaintiff's conduct during

13   the course of his employment with Wells Fargo.

14

SIXTEENTH AFFIRMATIVE DEFENSE

15

(Plaintiff's Breach of Duties To Wells Fargo)

16          18.     The Complaint, and each purported cause of action contained therein, is barred

17   in whole or in part to the extent Plaintiff breached his duties of reasonable care and good faith

18   and loyalty to Wells Fargo.

19

SEVENTEENTH AFFIRMATIVE DEFENSE

20

(No Damage Sustained by Plaintiff)

21          19.     Plaintiff has suffered no cognizable damage or injury as a result of the conduct

22   alleged in the Complaint.

23

EIGHTEENTH AFFIRMATIVE DEFENSE

24

(Laches)

25          20.     The Complaint, and each purported cause of action contained therein, is barred

26   in whole or in part by virtue of the doctrine of laches.

27   ///

28   ///

-5-

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT

1
2

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Privileged Conduct)

3      21.    The Complaint, and each purported cause of action contained therein, is barred
4  in whole or in part because Wells Fargo's conduct was privileged.

5
6

### TWENTIETH AFFIRMATIVE DEFENSE

7

#### (Consent)

8      22.    The Complaint, and each purported cause of action contained therein, is barred
9  in whole or in part by virtue of Plaintiff's consent to and/or initiation of the acts, omissions or
10  conduct complained of in this action, if any, or to the extent that such acts, omissions or
11  conduct actually occurred.

12

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13

#### (At-Will Employment)

14      23.    At all times relevant to the Complaint, Plaintiff's employment with Wells Fargo
15  was at will.

16

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17

#### (Additional Defenses)

18      24.    Wells Fargo presently has insufficient knowledge or information on which to
19  form a belief as to whether it may have additional, unstated affirmative defenses available.
20  Wells Fargo reserves the right to assert additional affirmative defenses in the event discovery
21  and further investigation indicates that they would be appropriate.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1     **WHEREFORE,** Wells Fargo prays that Plaintiff take nothing by way of his

2   Complaint; that Wells Fargo be dismissed with recovery of its costs of suit and attorneys' fees

3   incurred; and for such other and further relief as the Court deems just and proper.

4

5   DATED: February 11, 2009

6                                       ATKINS & EVANS LLP
                                        Attorneys for Defendant
7                                       WELLS FARGO BANK, N.A.

8

9                                       BY:
                                             KENNETH M. JONES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE
[CCP 1013a; Fed. R. Civ. P. 6]

2

STATE OF CALIFORNIA    )

3                                                      ) ss.

COUNTY OF LOS ANGELES    )

4

5          I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

6

7          On **February 12, 2009**, I served the foregoing document, described as **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO COMPLAINT** in this action by placing [] the original [✔]a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as follows:

8

9
                    Stephen F. McAndrew, Esq.
10                   LAW OFFICES OF STEPHEN F. McANDREW
                    4730 Woodman Avenue, Suite 240
11                   Sherman Oaks, California 91423
                    (818) 474-7745

12   [✔]   [BY MAIL] I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United State Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

13

14

15

16   []    [BY PERSONAL SERVICE] I delivered such envelope by hand to the offices of the addressee.

17

18   []    [BY MESSENGER SERVICE] My business address is: First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026. On the date shown below, I delivered such envelope by hand to the above address(es)

19

20   []    [BY FEDERAL EXPRESS]   I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

21

22   []    [BY FACSIMILE TRANSMISSION] I transmitted to the above-named person, at the fax numbers listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

23

24   [✔]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26   []    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

27

28   DATED: February 12, 2009                    _____
                                                          P. BROWN



ATKINS & EVANS
COST ACCOUNT
3699 WILSHIRE BLVD STE 880
LOS ANGELES, CA 90010
(213) 487-1400, FAX (213) 487-1402

WELLS FARGO BANK, N.A.
16-24/1220

6609002

*** Three Hundred Fifty ************************************************** 00/100 ***********

DATE
Feb. 12, 2009

AMOUNT
$350.00

PAY
TO THE
ORDER
OF

LOS ANGELES SUPERIOR COURT CLERK
111 North Hill Street
Los Angeles, CA 90012

MEMO: Black, Tyrone v. Wells Fargo & Company, et al.
Defendant's Answer to Complaint

⑈008?493⑈ ⑆⑈ 22000 24?⑆0 2 2 ⑈6 74 500⑈

87 9 3

Security features included. Details on back.

# EXHIBIT F

LAW OFFICE OF
## STEPHEN F. McANDREW
Tel. (818) 332-1416 • Fax (818) 474-7745

Kenneth M. Jones                                   February 17, 2009
Atkins & Evans
3699 Wilshire Boulevard, Suite 890
Los Angeles, CA 90010


     Re: Tyrone Black v. Wells Fargo LASC BC404340

Dear Mr. Jones,

     This is in response to your deposition notice of Tyrone Black received in today's mail. Objections will be forthcoming but I wanted to note a few issues that should be addressed.

     After you requested and received a 15-day extension to respond to the Complaint to allow you time to review your file, your attempt to notice the deposition on short notice in an attempt to depose Mr. Black before Wells Fargo responded to pending discovery served 9 days before your deposition notice, was a bad way to start the discovery process and is not appreciated. This is particularly true after you told me you might call me to discuss the matter before responding. In addition, as you know, after Wells Fargo terminated him, Mr. Black secured employment with a different Wells Fargo division and is currently employed with Wells Fargo in Texas. Scheduling a deposition will require reasonable notice and cooperation, particularly because you included document demands. Finally, on the date you attempted to notice Mr. Black's deposition-- February 27, 2009--I am in deposition in another matter pending in the Los Angeles Superior Court. I will obtain some available dates from Mr. Black for his deposition and forward them to you. In the meantime, I look forward to Wells Fargo's compliance with the pending discovery served on your office on February 3, 2009.

     If you should wish to discuss these issues, please contact me.

Thank you,

Stephen F. McAndrew


4730 WOODMAN AVENUE, SUITE 240
SHERMAN OAKS, CA 91423

**EXHIBIT F** - Page 47
NOTICE OF REMOVAL

**PROOF OF SERVICE**
[CCP 1013a; Fed. R. Civ. P. 6]

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

On **February 26,, 2009** I served the foregoing document, described as **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1441(b)** in this action by placing [] the original [✔]a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as follows:

LAW OFFICE OF STEPHEN F. McANDREW
Stephen F. McAndrew
4730 Woodman Avenue, Suite 240
Sherman Oaks, California 91423

[✔]   [BY MAIL] I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United State Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

[]   [BY PERSONAL SERVICE] I delivered such envelope by hand to the offices of the addressee.

[]   [BY MESSENGER SERVICE] My business address is: First Legal Support Services, 1511 West Beverly Boulevard, Los Angeles, California 90026. On the date shown below, I delivered such envelope by hand to the above address(es)

[]   [BY FEDERAL EXPRESS] I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above address(es).

[]   [BY FACSIMILE TRANSMISSION] I transmitted to the above-named person, at the fax numbers listed above, the above-named document, pursuant to Rule 2008. The facsimile machine that I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this document.

[✔]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: February 26, 2009

_P. Brown_

NOTICE OF REMOVAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TYRONE BLACK | WELLS FARGO BANK, N.A. (Erroneously sued as Wells Fargo Bank & Company) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stephen F. McAndrew, Esq. , SBN 149063     (818) 332-1416<br>Law Offices of Stephen F. McAndrew<br>4730 Woodman Avenue, Suite 240, Sherman Oaks, CA 91423 | Kenneth M. Jones, Esq.     (213) 487-1400<br>ATKINS & EVANS<br>3699 Wilshire Blvd., Suite 890<br>Los Angeles, CA 90010 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes . ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☒ MONEY DEMANDED IN COMPLAINT: $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-01379

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or

☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.   Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plaintiff Tyrone Black - Texas |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant Wells Fargo Bank, N.A. - Los Angeles, California | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 23, 2009

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |